The Court

having taken time to consider the grounds of the motion for a new trial, the chief justice observed that none of them appeared sufficient to support the motion, which was overruled, and the defendant was sentenced, (a)

 Confessions made to a clergyman or priest, for the sake of easing the culprit’s conscience, may be given in evidence.— Peake, Ev. 253, Am. from 5th Lond. ed.— In the case of Rex vs. Gillian, very lately reserved for the opinion of the twelve judges, and argued before them in Easter term, 1828, the prisoner had been tried and convicted for murder, principally upon the evidence of his own confessions to the jailer and the mayor. These confessions the prisoner had been induced to make by the previous exertion of religious persuasion on the part of the chaplain of the jail, and under the influence of His representations of the Christian necessity and benefit of confessing. The judges were of opinion that the confessions had been properly received, and that the conviction was right — principally upon the ground, it is understood, that there were no temporal hopes of benefit or forgiveness held out, and that such hopes, if referable merely to a future state of existence, are not within the principle on which the rule for excluding confessions, obtained by improper influence, is founded. — 2 Russ. on Cr. 648, 2d Lond. ed. — Sed vide Smith's case, New York City Hall Recorder, vol. ii. p. 77. — As to confessions generally, see 2 Russell, 644.-Achb. Pl. & Ev. Crim. Cases, 108, 4th Lond. ed.— Commonwealth vs. Knapp, 9 Pick. 496.